IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ZIPORA MAZENGO,

        Plaintiff,

v.

ALAN MZENGI, *et al.*,

        Defendants.

Civil Action No. 1:07-cv-00756 (RMC)

## APPLICATION FOR ENTRY OF DEFAULT JUDGMENT BY THE COURT AND MOTION FOR A HEARING TO ASSESS DAMAGES

Plaintiff Zipora Mazengo hereby requests that the Court enter Default Judgments and an assessment of damages against the Mzengi Defendants. On April 25, 2007, Ms. Mazengo filed her Complaint against the Mzengi Defendants, who were served on April 26, 2007. On June 5, 2007, the Clerk entered Default against the Defendants for failure to respond to the Complaint. Ms. Mazengo's request for Entry of Default Judgment is based on this Application, the Memorandum in support of this Application, the attached declaration of counsel, the pleadings and filings in this action, and such additional argument and evidence that may be presented at or before any hearing that the Court may order on this Application.

Plaintiff respectfully requests that judgment be entered in her favor and against Defendants Alan Mzengi and Stella Mzengi, jointly and severally, for violations of (1) the prohibition of involuntary servitude under the Thirteenth Amendment of the United States Constitution and 18 U.S.C. § 1584; (2) the Trafficking Victims Protection Act of 2000, both with respect to trafficking and forced labor, 18 U.S.C. §§ 1589, 1590; (3) the Fair Labor Standards

Act, 29 U.S.C. § 206(a) and the United States Department of Labor regulations thereto; (4) the Maryland Wage and Hour Law, Md. Code Ann., Labor - Employment, §§ 3-401, *et seq.* and the Maryland Wage Payment and Collection Law, Md. Code Ann., Labor - Employment, §§ 3-501 - 507.1; (5) fraudulent inducement; (6) unjust enrichment; (7) breach of contract; and (8) negligent infliction of emotional distress.

Pursuant to Fed. R. Civ. P. 55(b)(2), the Plaintiff also respectfully moves this Court to conduct a hearing before a jury to assess damages, attorneys' fees, and costs, as the Plaintiff's claims are not for a sum certain.

Respectfully submitted,

Dated: Washington, D.C.
June 22, 2007

*(signature)*
Lorelie S. Masters (Bar No. 358686)
Martina E. Vandenberg (Bar No. 476685)
JENNER & BLOCK LLP
601 Thirteenth Street, NW
Suite 1200 South
Washington, DC  20005
Tel: (202) 639-6046
Fax: (202) 639-6066
lmasters@jenner.com
mvandenberg@jenner.com

*Attorneys for Plaintiff, Zipora Mazengo*

CERTIFICATE OF SERVICE

      I hereby certify that on this 22nd day of June, 2007, I filed the foregoing Application for Default Judgment electronically, through the Court's ECF system, and further certify that I served said Application for Default Judgment on defendants, via first class mail, postage prepaid, at the following address:

        Alan S. Mzengi
        Stella Mzengi
        1820 Middlebridge Drive
        Silver Spring, MD   20906

        _____
        Martina E. Vandenberg

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ZIPORA MAZENGO, <br><br> Plaintiff, <br><br> v. <br><br> ALAN MZENGI, *et al.*, <br><br> Defendants. | Civil Action No. 1:07-cv-00756 (RMC) |

## MEMORANDUM OF LAW IN SUPPORT OF APPLICATION FOR ENTRY OF DEFAULT JUDGMENT AND MOTION FOR A HEARING TO ASSESS DAMAGES

The Plaintiff, Zipora Mazengo, applies to this Court for entry of Default Judgments on a number of claims and for assessment of damages against Defendants Alan Mzengi and Stella Mzengi. Default has been entered by the Clerk against both Defendants, and the Defendants still have made no appearance in the proceeding. Thus, the only remaining issue is the amount of damages, attorneys' fees, and costs to be awarded to the Plaintiff. As there is no sum certain presently determinable for that assessment, pursuant to Fed. R. Civ. P. 55(b)(2), the Plaintiff also respectfully moves this Court to conduct a hearing before a jury to determine the amount of damages, attorneys' fees, and costs due to the Plaintiff.

### STATEMENT OF FACTS

On April 25, 2007, Plaintiff Zipora Mazengo filed a lawsuit against Alan Mzengi, currently the Minister Plenipotentiary for Consular and Social Affairs at the Embassy of Tanzania, and his spouse, Stella Mzengi, to recover unpaid wages and punitive damages for four years of forced labor in their home. After recruiting Ms. Mazengo in Tanzania with a fraudulent

offer of legal employment, fair wages, medical insurance, and reasonable hours, the Mzengi Defendants forced her to work in their Maryland home up to seventeen hours each day. The Mzengi Defendants never paid Ms. Mazengo for her labor, stripped her of her passport and visa, and forbade her to leave the house without a family escort. Held in the Mzengi Defendants' home as a virtual prisoner, Ms. Mazengo had little contact with the outside world beyond serving the Defendants' guests in the Mzengi home. Plaintiff Mazengo did speak on occasion with customers who came to the house to pick up food she prepared at the behest of the Defendants, who operated an African food commercial catering business out of their home. After four years of toil, without a single day of rest or vacation, Ms. Mazengo successfully fled the Mzengi Defendants' home in August 2004.

Ms. Mazengo's agent personally served Defendant Alan Mzengi on April 26, 2007; Defendant Alan Mzengi also accepted substituted service for his wife, Defendant Stella Mzengi. When the Defendants did not answer or otherwise respond to the Complaint within 20 days, as required, Plaintiff Mazengo notified the Defendants that she would seek Default Judgment. On both May 18, 2007, and May 24, 2007, Plaintiff sent Defendants letters explaining that, if the Defendants did not file and serve a response to the Complaint, Plaintiff would seek an entry of Default Judgment for monetary damages, attorneys' fees, and costs. *See* Declaration of Martina E. Vandenberg ("Vandenberg Decl.") ¶ 4. The Defendants nevertheless failed to respond to either notice and on June 5, 2007, the Clerk of this Court entered Default against the Defendants.

## DISCUSSION

**I. ENTRY OF JUDGMENT IS WARRANTED AS DEFENDANTS ARE LIABLE BY DEFAULT**

Pursuant to Fed. R. Civ. P. 55, defendants who do not respond to a Complaint in a timely fashion default. When a defendant has not appeared, "Rule 55 sets forth a two-step process for a

2

party seeking default judgment: entry of default, followed by entry of default judgment." *Directv, Inc. v. Agee*, 405 F. Supp. 2d 6, 8 n.1 (D.D.C. 2005). Also, Rule 55 places special restrictions on entry of a default judgment if the party against whom the default is entered is an infant, incompetent person or an officer of the United States. *See* Fed. R. Civ. P. 55(b), 55(e). In this case, all of the prerequisite conditions outlined in Rule 55(b)(2) for entry of Default Judgment have been satisfied:

- The Clerk of this Court entered the Default of the Defendants on June, 5, 2007. Vandenberg Decl. ¶ 3.

- Defendants have not appeared in this action. *Id.* ¶ 4.

- Plaintiff is informed and believes that Defendants are not infants, incompetent persons, or in active military service. *Id.* ¶ 5.

Thus, the Court is empowered to enter a default judgment against the Defendants. *Flynn v. Jocanz, Inc.*, 480 F. Supp. 2d 218, 220 (D.D.C. 2007); *Int'l Painters & Allied Trades Industry Pension Fund v. Newburgh Glass & Glazing, LLC*, 468 F. Supp. 2d 215, 217 (D.D.C. 2007). "A default judgment establishes the defaulting party's liability for every well-pled allegation in the complaint." *Flynn*, 480 F. Supp. 2d at 220; *Newburgh Glass & Gazing*, 468 F. Supp. 2d at 217. Thus, the Court should enter Default Judgments against the Defendants and determine that they are liable for all nine claims of relief specified in the Complaint.

## II. A HEARING IS NECESSARY TO DETERMINE THE APPROPRIATE AMOUNT OF DAMAGES, ATTORNEYS' FEES, AND COSTS

A hearing may be conducted by a court whenever a default judgment is not for a sum certain. Fed. R. Civ. P. 55(b)(2) ("If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or determine the amount of damages . . . , the court may conduct such hearings or order such references as it deems necessary and proper and shall

accord a right of trial by jury to the parties when and as required by any statute of the United States"); *Biton v. Palestinian Interim Self-Government Auth.*, 239 F.R.D. 1, 5 (D.D.C. 2006) (granting damages hearing); *Directv, Inc.*, 405 F. Supp. 2d at 9 ("To fix the amount, the court may conduct a hearing."); *United States v. Gant*, 268 F. Supp. 2d 29, 32 (D.D.C. 2003) (same). Indeed, "'[u]nless the amount of damages is certain, the court is required to make an independent determination of the sum to be awarded.'" *Flynn*, 480 F. Supp. 2d at 220 (*quoting Adkins v. Teseo*, 180 F. Supp. 2d 15, 17 (D.D.C. 2001)); *Newburgh Glass & Gazing*, 468 F. Supp. 2d at 217 (same).

In this instance, a hearing is necessary to determine the sum to be awarded to the Plaintiff. Because there is not yet a sum certain for the numerous claims for which Defendants are liable. Where possible in the Complaint, the Plaintiff did provide the Court with a basis for determining a sum certain for particular claims. Complaint ¶ 95 (violation of Fair Labor Standards Act entitles Plaintiff to "recovery of her unpaid minimum wages, which total not less than $128,125.00, an equal amount of liquidated damages, and reasonable attorneys' fees and costs of the action . . ."); ¶ 101 (violation of Maryland Wage Payment and Collection Law, Md. Code Ann., Labor - Employment, §§ 3-501 - 3-507.1, entitles Plaintiff to "an award of treble damages for unpaid minimum wages and unpaid overtime compensation in the amount of not less than $510,000, plus reasonable attorneys' fees and costs of this action. . ."). With respect to the remaining claims for relief, however, Plaintiff believes it most appropriate for a jury to determine the award for the relief at trial, as sum certain for purposes of imposing an award of damages, including punitive damages, is available. For example, Plaintiff alleged that Defendants violated the Thirteenth Amendment of the United States Constitution and the Trafficking Victims Protection Act of 2000, 18 U.S.C. §§ 1589, 1590. Ms. Mazengo maintained

that the monetary value of such damages would best be determined by a jury informed of the full factual circumstances at issue. In light of the Defendants' Default, however, a hearing is now necessary to determine that sum.

Thus, Plaintiff Mazengo respectfully moves the Court to conduct a hearing before a jury to determine a sum certain to be awarded to the Plaintiff for damages, attorneys' fees, and costs for this matter.

## CONCLUSION

Accordingly, the Plaintiff respectfully requests that the Court enter Default Judgments against the Defendants, and Plaintiff respectfully moves the Court to conduct a hearing before a jury to determine the appropriate damages, attorneys' fees, and costs.

Respectfully submitted,

Dated: Washington, D.C.
June 22, 2007

_____
Lorelie S. Masters (Bar No. 358686)
Martina E. Vandenberg (Bar No. 476685)
JENNER & BLOCK LLP
601 Thirteenth Street, NW
Suite 1200 South
Washington, DC 20005
Tel: (202) 639-6046
Fax: (202) 639-6066
lmasters@jenner.com
mvandenberg@jenner.com

*Attorneys for Plaintiff, Zipora Mazengo*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ZIPORA MAZENGO, <br><br> Plaintiff, <br><br> v. <br><br> ALAN MZENGI, *et al.*, <br><br> Defendants. | Civil Action No. 1:07-cv-00756 (RMC) |

### DECLARATION OF MARTINA E. VANDENBERG IN SUPPORT OF PLAINTIFF'S APPLICATION FOR ENTRY OF DEFAULT JUDGMENT BY THE COURT

I, Martina E. Vandenberg, declare:

1. I am an attorney at law licensed to practice before this United States District Court. I am an associate in the law firm of Jenner & Block LLP, attorneys for Plaintiff. Unless otherwise stated, I have personal knowledge of the following facts and, if called and sworn as a witness, could and would completely testify thereto.

2. On April 25, 2007, Plaintiff filed the Complaint. See Docket Entry No. 1.

3. On June 5, 2007, the Clerk of this Court entered the default of Defendant. See Docket Entry No. 11.

4. Defendants have not appeared in this action. Additionally, before Plaintiff sought entry of default, Plaintiff's counsel sent two letters to Defendants warning that Plaintiff would seek a default judgment if Defendants did not respond to the Complaint. Attached hereto as Exhibit A are true and correct copies of those two letters.

5. I am informed and believe that Defendants are not infants or incompetent persons. Defendants are foreign citizens and are therefore not members of the United States military service.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 22nd day of June 2007, at Washington, DC.

Martina E. Vandenberg

Exhibit A
to the Declaration of Martina E. Vandenberg

# JENNER&BLOCK

**VIA UPS HAND DELIVERY**

May 18, 2007

ALAN S. MZENGI
1820 Middlebridge Drive
Silver Spring, MD 20906

STELLA MZENGI
1820 Middlebridge Drive
Silver Spring, MD 20906

Jenner & Block LLP
601 Thirteenth Street, NW
Suite 1200 South
Washington, DC 20005
Tel 202-639-6000
www.jenner.com

Chicago
Dallas
New York
Washington, DC

**Martina E. Vandenberg**
Tel 202 639-6046
Fax 202 639-6066
mvandenberg@jenner.com

Re:   Zipora Mazengo v. Alan S. Mzengi and Stella Mzengi
       United States District Court for the District of Columbia
       Case No. 1:07-cv-00756-RMC

Dear Mr. and Mrs. Mzengi:

This law firm is counsel to the Plaintiff Zipora Mazengo. You were served with the Summons and Complaint on April 26, 2007. As the Summons stated, the law required to you to file and serve a response to the Complaint within 20 days after you were served. Because you have failed to do so, Plaintiff now has the right to ask the Court to enter your default and to enter judgment against you for all of the relief sought in the Complaint, including monetary damages, attorneys' fees, and costs. We urge you to file and serve a response to the Complaint immediately, and to consult an attorney if you have not yet done so. Failure to respond to the Complaint can have serious consequences for you.

If you would like to try to settle this case promptly, you or your attorney may contact Plaintiff's counsel by phone at (202) 639-6046, by facsimile at (202) 639-6066, or by e-mail at mvandenberg@jenner.com. Contacting Ms. Mazengo's attorneys to discuss settlement, however, is not a substitute for filing immediately a response to the Complaint.

Sincerely,

Martina E. Vandenberg

**JENNER&BLOCK**

**VIA OVERNIGHT MAIL**

May 24, 2007

ALAN S. MZENGI
1820 Middlebridge Drive
Silver Spring, MD 20906

STELLA MZENGI
1820 Middlebridge Drive
Silver Spring, MD 20906

Jenner & Block LLP
601 Thirteenth Street, NW
Suite 1200 South
Washington, DC 20005
Tel 202-639-6000
www.jenner.com

Chicago
Dallas
New York
Washington, DC

Martina E. Vandenberg
Tel 202 639-6046
Fax 202 639-6066
mvandenberg@jenner.com

Re:  Zipora Mazengo v. Alan S. Mzengi and Stella Mzengi
     United States District Court for the District of Columbia
     Case No. 1:07-cv-00756-RMC

Dear Mr. and Mrs. Mzengi:

This law firm is counsel to the Plaintiff Zipora Mazengo. We wrote to you on May 18, 2007, to notify you that you had failed to file and serve a response to the Complaint within the time required by law, and to urge you to do so immediately. You still have not done so.

We understand that since your receipt of our last letter, you had a family member contact Ms. Mazengo to discuss settlement options. While it is not appropriate for you or your representative to contact Ms. Mazengo directly to discuss settlement, we understand that you recognize the gravity of her substantial case against you. If you wish to settle this matter, you or your attorney may contact Plaintiff's counsel by phone at (202) 639-6046, by facsimile at (202) 639-6066, or by e-mail at mvandenberg@jenner.com. Contacting Ms. Mazengo's attorneys or Ms. Mazengo directly to discuss settlement, however, is not a substitute for filing an immediate response to the Complaint.

If we are not able to settle this matter and if you do not file and serve a response to the Complaint within one week of the date of this letter, Plaintiff will ask the Court to enter your default and to enter judgment against you, including monetary damages, attorneys' fees, and costs. Once again, we urge you to contact Plaintiff's counsel to settle this matter promptly or to file and serve a response to the Complaint immediately.

Sincerely,

Martina E. Vandenberg

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ZIPORA MAZENGO,

    Plaintiff,

v.

ALAN MZENGI, *et al.*,

    Defendants.

Civil Action No. 1:07-cv-00756 (RMC)

## DEFAULT JUDGMENT

Based upon Plaintiff's Application for Default Judgment by the Court, and good cause appearing therefore, it is hereby ORDERED AND ADJUDGED that:

1.    Defendants' actions with respect to the Plaintiff constitute (1) violations of the prohibition of involuntary servitude under the Thirteenth Amendment of the United States Constitution and 18 U.S.C. § 1584; (2) violations of the Trafficking Victims Protection Act of 2000, 18 U.S.C. §§ 1589, 1590, both with respect to trafficking and forced labor; (3) violations of the Fair Labor Standards Act, 29 U.S.C. § 206(a), and the United States Department of Labor regulations thereto; (4) violations of the Maryland Wage and Hour Law, Md. Code Ann., Labor - Employment, §§ 3-401, *et seq.*; (5) fraudulent inducement; (6) unjust enrichment; (7) breach of contract; and (8) negligent infliction of emotional distress.

2

2. Plaintiff's motion for a hearing to determine the appropriate sum of damages, attorneys' fees, and costs is hereby GRANTED.

DATED: _____   BY: _____

                                                                   Hon. Rosemary M. Collyer
                                                                   United States District Judge