UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ZIPORA MAZENGO, ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 1:07-cv-00756(RMC)(AK) |
| ALAN MZENGI, et al. ) | |
| Defendants. ) | |

## EXPERT REPORT OF GARY RAY

1.   My name is Gary Ray, and I currently hold the position of IT Analyst for the State of Utah. I have served as a Labor Economist and the Lead Analyst in the creation of the U.S. Department of Labor's National Prevailing Wage Database. I served as a member of the National Prevailing Wage Technical Assistance Team under contract to the Department of Labor, and am currently Lead Developer of the Online Wage Library for accessing the National Prevailing Wage Database. I have an M.S. in Economics from the University of Utah, awarded in 1998. I have substantial experience in evaluating occupational classifications, expected earnings, and calculating back wages. I testified as an expert on behalf of the U.S. Government in the human trafficking case of U.S.A. v. Calimlim in 2006, and provided an expert report in the trafficking case of U.S.A. v. Djoumessi in 2007. Both of these cases involved trafficking of victims into involuntary servitude as domestic workers. Further details on my professional history, including a list of publications I have authored and a full listing of cases in which I have testified as

Expert Report of Gary Ray

an expert, can be found on the resume attached hereto as <u>Exhibit A.</u> I am being compensated for my services in this case at a rate of $120/hour. This report represents my professional opinion and in no way represents the official position of the State of Utah or the U. S. Department of Labor.

2.   I have been asked by the plaintiff, Ms. Zipora Mazengo, to determine what occupational classification would apply for the labor she described in her Complaint. Ms. Mazengo has also asked that I provide calculations for back wages owed to her under her contract with the Mzengi defendants, the Fair Labor Standards Act, Maryland law, and the prevailing wage for the period of June 28, 2000 though August 18, 2004.

3.   I have consulted the National Prevailing Wage Database, the Fair Labor Standards Act, the Maryland Wage and Hour Law, and the facts stated in Ms. Mazengo's Complaint.

4.   For the occupation held by Ms. Mazengo as described in the Complaint, I have concluded that the matching Dictionary of Occupational Titles (DOT) occupation is:

> HOUSE WORKER, GENERAL ( 301.474-010)
> Performs any combination of following duties to maintain private home clean and orderly, to cook and serve meals, and to render personal services to family members: Plans meals and purchases foodstuffs and household supplies. Prepares and cooks vegetables, meats, and other foods according to employer's instructions or following own methods. Serves meals and refreshments. Washes dishes and cleans silverware. Oversees activities of children, assisting them in dressing and bathing. Cleans furnishings, floors, and windows, using vacuum cleaner, mops, broom, cloths, and cleaning solutions. Changes linens and makes beds. Washes linens and other garments by hand or machine, and mends and irons clothing, linens, and other household articles, using hand iron or electric ironer. Answers telephone and doorbell. Feeds pets.

5.   For the purpose of determining the prevailing wage for this occupation, including workers covered by A-3 visa employment contracts, the U.S. Department of Labor and

Expert Report of Gary Ray

the U.S. State Department are directed to use the occupation Maids and Housekeeping Cleaners from the Alien Labor Certification/Occupational Employment Survey (ALC-OES) database that breaks down prevailing wage statistics by occupation and metropolitan area.

6.  The following table lists the Federal Minimum Wage Rate, the Contract Wage Rate as described in the Complaint, and the Federal and State Prevailing Wage as determined from ALC-OES for the metropolitan area including Montgomery County, Maryland.

|  | Federal Minimum | Maryland | Prevailing |
|---|---|---|---|
| 2000 | $5.15 | $5.15 | $6.43 |
| 2001 | $5.15 | $5.15 | $6.50 |
| 2002 | $5.15 | $5.15 | $6.26 |
| 2003 | $5.15 | $5.15 | $6.72 |
| 2004 | $5.15 | $5.15 | $6.71 |

7.  The Complaint states that Ms. Mazengo worked from 6:00 a.m. to 10:30 p.m., seven days each week. The employment contract terms detailed in the Complaint included the payment of time-and-a-half for hours worked each week beyond the initial 40. As such, each week worked would include a total of 115.5 hours worked: 40 hours at the stated rate and 75.5 hours at time-and-a-half. Based on the duration of employment asserted in the Complaint, the following table shows the estimated total wages due for each of the wage levels:

| Type of Estimated Wage | 2000 | 2001 | 2002 | 2003 | 2004 | Total |
|---|---|---|---|---|---|---|
| Federal Minimum Wage | $15,703.38 | $30,930.90 | $30,930.90 | $30,930.90 | $19,629.23 | $128,125.31 |
| Maryland Minimum Wage | $20,845.84 | $41,059.98 | $41,059.98 | $41,059.98 | $26,057.29 | $170,083.07 |
| Federal and State Prevailing Wage | $26,014.49 | $51,798.50 | $49,885.94 | $53,551.68 | $33,934.15 | $215,184.76 |

8.    It is my expert opinion that the final total listed in the table above, $215,184.76, which is based on the Federal and State Prevailing Wage amount, should be considered the **minimum** due to Ms. Mazengo for the following reasons:

a) The rate used from the ALC-OES database is for a Level 1 or entry level house worker. As the Complaint notes, Ms. Mazengo had already served as a domestic worker in her native Tanzania before she came to the United States. It is likely that with her experience in Tanzania and years of domestic work in the Mzengi home, she would have developed enough skill to be considered an experienced worker and should have been compensated at the higher Level 2 rate.

b) The rate used from the ALC-OES database is the result of a statistical survey of employers in the same geographical area as Ms. Mazengo and is an accurate measure of the rate that is paid to similarly employed workers in that geographical area.

c) The figures above do not take into account any "on call" time or compensation for remaining on the premises and available for assignment around the clock.

Expert Report of Gary Ray

d) The Complaint states that Ms. Mazengo also spent a significant amount of time functioning as a cook in a catering business operated by the Mzengi defendants. For those hours spent working in the catering business, Ms. Mazengo should have been compensated at a higher rate. Had the defendants compensated Ms. Mazengo appropriately as a foreign food specialty cook, the prevailing wages listed below would have been controlling:

|      | Specialty Foreign Food Cook (Level 1) |
|------|---------------------------------------|
| 2000 | $6.93 / hour                          |
| 2001 | $7.10 / hour                          |
| 2002 | $7.89 / hour                          |
| 2003 | $7.44 / hour                          |
| 2004 | $7.79 / hour                          |

9. Had Ms. Mazengo been able to work as a domestic worker following her departure from the Mzengi defendants' home, she could have earned $13,956.80 each year laboring 40 hours per week/52 weeks per year at the last prevailing wage rate.

10. Over her four years in the Mzengi defendants' home, the employers should have paid $13,341.46 in Social Security taxes and $3,120.18 in Medicare taxes as the employer contribution on Ms. Mazengo's behalf.

11. In my professional opinion, the estimates for back wages and other damages provided in this report are rooted in standard and nationally-accepted labor and wage data. In addition, the methods used to calculate hours worked and wages due are the same methods used in other cases where I have served as an expert witness and increase my confidence in these conclusions even further.

Expert Report of Gary Ray

12. I reserve the right to supplement or modify this report based on additional information that may come to light or based on further analyses.

Dated. December 7, 2007

                                            /s/ Gary Ray
                                            Gary Ray

Expert Report of Gary Ray

CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of December, 2007, I filed the foregoing Notice of Filing with the attached Expert Report electronically, through the Court's ECF system, and further certify that I served said Notice of Filing on defendants' counsel, via overnight mail, at the following address:

Samuel N. Omwenga
Law Office of Samuel N. Omwenga, P.C.
1020 19th Street, NW
Suite 400
Washington, DC 20036

Martina E. Vandenberg

# Gary Ray

**Experience**

**State of Utah, Department of Technology Services**
2006 – Present  IT Analyst
- Assigned to the Department of Workforce Services to support the Online Wage Library and develop additional online sources of occupational information.
- Revise and support the Skills-Based Occupational Projections System, incorporating revisions to the knowledge areas, skills and work activities included in the O*Net Occupational Information System.

**State of Utah, Department of Workforce Services**
2000 – 2006 IT Analyst
- Lead Developer of the Online Wage Library for accessing the National Prevailing Wage Database under contract with the Division of Foreign Labor Certification, US Department of Labor. Provide end-user support for technical and policy questions for the prevailing wage program under contract with the Division of Foreign Labor Certification, US Department of Labor.
- Develop systems to simplify the statistical analysis of occupational information.

**State of Utah, Department of Workforce Services**
1994 – 2000 Labor Economist
- Specialist in Prevailing Wages and Occupational Wage Surveys
- Lead Analyst in the development of the National Prevailing Wage Database.
- Member of the National Prevailing Wage Technical Assistance Team under contract with the Division of Foreign Labor Certification, Department of Labor.
- Member of the Foreign Labor Certification Reengineering Team.

**Mountain West College**
1997 – 2001  Adjunct Instructor
- Taught classes in basic mathematics and algebra.
- Developed accelerated course in business statistics.

**Education**

University of Utah, B.A. Cum Laude, Phi Beta Kappa, Economics 1994
University of Utah, M.S., Economics 1998

**Litigation Support**

2006 – 2007 USA. v. Calimlim
Testified both at trial and during sentencing on behalf of prosecutors regarding the occupational classification, expected earnings and working conditions of a domestic servant working from 1985 to 2004

2007 USA v. Evelyn and Joseph Djoumessi
Provided an expected earnings report for a domestic servant employed from 1996 to 2000 for the purpose of determining back wages and damages.

1997 Johnson v. Johnson

Testified at trial regarding the current labor market, employment prospects and expected earnings of an underemployed spouse for the purpose of imputing earnings and determining the division of assets.

1996 V.R. Utah v. Riverton Music

Prepared documents and reports proffered at trial as the to expected earnings for employees in a business purchase dispute.

1996 Cox v. Cox

Testified at trial regarding the current labor market, employment prospects and expected earnings of an underemployed spouse for the purpose of imputing earnings and determining the division of assets.

**Publications**

"Occupational Employment Statistics and Changes in Prevailing Wage Policy", Working Paper, Utah Department of Employment Security, 2005.

Statistical Methods for Developing Occupational Descriptors, Projections Consortium Publication, 2003

"An Approach of Staff & Resource Allocation – Statistical Critique", RMTS Reporter, Utah Department of Workforce Services, 1998.

"A Comparison of Occupational Wages Along the Wasatch Front", Masters Thesis, University of Utah, 1998.

"Sources of Occupational Compensation Data for Calculating Imputed Earnings and Income Based Damages", Working Paper, University of Utah, 1998.

"Utah and National Wage Rates – A Comparison", Trendlines, Utah Department of Employment Security, 1997.

Comprehensive Occupational Pay Survey, 1995 with Kimberley Bartel, Utah Department of Employment Security, 1996.