**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| ZIPORA MAZENGO | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 1:07-cv-00756 (RMC)(AK) |
| ALAN MZENGI, *et al.* | ) ) | |
| Defendants. | ) ) | |

**MOTION TO ENTER DAMAGES AWARD
AGAINST DEFENDANT ALAN MZENGI**

Plaintiff Zipora Mazengo respectfully requests that this Court enter damages and attorneys' fees in the amount of $1,059,348.79 against Defendant Alan Mzengi. Mr. Mzengi has failed to appear in this case, and should be held jointly and severally liable for the damages award entered by this Court on January 16, 2008, against his co-defendant, Mrs. Stella Mzengi.

**PROCEDURAL BACKGROUND**

On October 1, 2007, the Court entered a Default Judgment against Defendants Alan and Stella Mzengi. *See* Dkt. #15. The Court referred the case to Magistrate Judge Alan Kay for a Report and Recommendation on damages.

Magistrate Judge Kay held a damages hearing on December 10, 2007, as to Defendant Stella Mzengi. The Court heard full testimony on damages from Plaintiff Zipora Mazengo and from Plaintiff's damages expert, Mr. Gary Ray. On December 20, 2007, Magistrate Judge Kay

issued his Report and Recommendation and an assessment of damages against Defendant Stella

Mzengi for violation of (1) the Fair Labor Standards Act (FSLA), 29 U.S.C. § 206(a), and the

United States Department of Labor regulations thereto; (2) the Maryland Wage and Hour Law

(MWHL), Md. Code Ann., Labor – Employment, §§ 3-401, *et seq.*; and (3) the Maryland laws of

unjust enrichment and fraudulent inducement.

Magistrate Judge Kay recommended that Plaintiff Zipora Mazengo receive $1,059,348.79

in damages and attorneys' fees. *See* Dkt. #25. On January 16, 2008, Judge Rosemary Collyer

adopted the Report and Recommendation, awarding Ms. Mazengo the full amount of the

damages against Defendant Stella Mzengi. *See* Dkt. # 27.


## STATEMENT OF FACTS

Defendant Alan Mzengi has failed to appear in this matter. On December 7, 2007, an

attorney purporting to represent Mr. Mzengi unofficially filed a Motion to Continue Hearing.

The attorney, Mr. Samuel N. Omwenga, Esq., requested a forty-five day continuance of the

damages hearing. In the Motion, which was never officially filed with the Court and does not

appear on the docket, Mr. Omwenga stated that a pre-scheduled office meeting prevented him

from participating in the damages hearing. The Motion stated that he planned to file a motion to

re-open the judgment under Federal Rule of Civil Procedure 60(b)(1) and requested additional

time to do so.

The Court granted Defendant Alan Mzengi's Motion for a Continuance, setting a new

hearing on January 24, 2008. *See* Dkt. #23. The damages hearing proceeded against Defendant

Stella Mzengi (who never appeared), resulting in the $1,059,348.79 judgment discussed above.

In the forty-five days that followed the damages hearing, Defendant Alan Mzengi did not file the promised motion to reopen the default judgment. No attorney entered an appearance in this case (for even the limited purpose of contesting jurisdiction) on Defendant Alan Mzengi's behalf. Counsel for Ms. Mazengo have, out of courtesy, kept Mr. Omwenga apprised of all proceedings and other developments in this case.

Plaintiff's counsel heard nothing from Mr. Omwenga after December 10, 2007. In light of Defendant Alan Mzengi's failure to file the promised Rule 60(b) motion, Plaintiff's counsel prepared to go forward with a second full hearing on damages. Plaintiff's counsel arranged for Ms. Mazengo to testify, and set up a courtroom in Salt Lake City, Utah, for the expert, Gary Ray, to testify. Mr. Ray also made himself available for the January 24 hearing.

Despite concerted efforts to reach Mr. Omwenga, Plaintiff's counsel did not learn of the defendant or Mr. Omwenga's plans for the hearing until shortly before 5:00 p.m on January 23, 2008, the eve of the hearing. At that time, Mr. Omwenga stated that he was not prepared to enter an appearance in this case, file a Rule 60(b) motion, or litigate the issue of damages as to Mr. Mzengi. On a conference call with Plaintiff's counsel and Magistrate Judge Kay's law clerk at 5:07 p.m. on January 23, 2008, Mr. Omwenga admitted he was not prepared to go forward with the examination of damages witnesses at the hearing and did not plan to enter his appearance. Plaintiff's counsel reluctantly agreed to give Mr. Omwenga five more business days to enter his appearance, file a 60(b) motion, or come forward with a reasonable settlement offer. That deadline has now passed.

## ARGUMENT

Defendant Alan Mzengi has defaulted on the damages portion of this case. He has not come forward to represent himself *pro se*, and his attorney, Mr. Omwenga, has failed to enter an

appearance.  Defendant Alan Mzengi should be held in default, and an order holding him jointly and severally liable for the damages order entered against Defendant Stella Mzengi, his wife, should issue at this time.

There is no question that Defendants Alan and Stella Mzengi are jointly and severally liable for the injuries they caused to Ms. Mazengo.  There is not a single claim for damages in Ms. Mazengo's Complaint that is unique to either Alan or Stella Mzengi, who acted in concert to traffic Ms. Mazengo to this country and hold her as a virtual slave for four years without pay. *See Consumer Protection Div. v. Morgan*, 874 A.2d 919, 949-50 (Md. 2005) (tortfeasors who "act in concert" are jointly and severally liable).  Moreover, Defendants are also jointly and severally liable as Ms. Mazengo's joint employers. *See  Schultz v. Capital Int'l Security, Inc.*, 466 F.3d 298, 305-06 (4th Cir. 2006).

## CONCLUSION

Defendant Alan Mzengi is jointly and severally liable for damages awarded to Ms. Mazengo against his wife, Defendant Stella Mzengi.  In light of Mr. Mzengi's failure to appear for the damages portion of this case, failure to answer any of the allegations against him or to take any appropriate action in this case, despite numerous accommodations by this Court,

Magistrate Judge Kay, and Plaintiff's counsel, Plaintiff Zipora Mazengo respectfully requests

that the January 16, 2008 damages order be entered in her favor against Defendant Alan Mzengi.

Respectfully submitted,

Dated:          Washington, D.C.
                January 30, 2008

Lorelie S. Masters (Bar No. 358686)
Martina E. Vandenberg (Bar No. 476685)
Anjan Choudhury (Bar No. 497271)
Daniel I. Weiner*
* Admitted Pro Hac Vice          JENNER & BLOCK LLP
601 Thirteenth Street, NW
Suite 1200 South
Washington, DC  20005
Tel: (202) 639-6046
Fax: (202) 639-6066
mvandenberg@jenner.com

*Attorneys for Plaintiff, Zipora Mazengo*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of January, 2008, I filed the foregoing Motion to
Enter Damages Award Against Defendant Alan Mzengi and Proposed Order electronically,
through the Court's ECF system, and further certify that I served the Motion on counsel for
Defendant Alan Mzengi, via electronic mail and first class mail, postage prepaid, at the
following address:

    Samuel N. Omwenga, Esq.
    Law Office of Samuel N. Omwenga, PC
    1020 19th Street, NW, Suite 400
    Washington, DC 20036

                                   _____
                                   Martina E. Vandenberg

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                    )
                                    )
ZIPORA MAZENGO                      )
                                    )
          Plaintiff,                )
                                    )
v.                                  )
                                    )    Civil Action No. 1:07-cv-00756 (RMC)(AK)
ALAN MZENGI, _et al._,              )
                                    )
          Defendants.               )
_____)


## [PROPOSED] ORDER

Based upon Plaintiff's Motion to Enter Damages Award Against Defendant Alan

Mzengi, and good cause appearing therefore, it is hereby ORDERED AND ADJUDGED THAT:

Defendant Alan Mzengi is jointly and severally liable with Defendant Stella Mzengi for

damages and attorneys' fees in the amount of $1,059,348.79 ordered by this Court on January

16, 2008.


DATED: _____        BY: _____
                                         Hon. Rosemary M. Collyer
                                         United States District Judge