UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ZIPORA MAZENGO, <br><br> Plaintiff, <br><br> v. <br><br> ALAN MZENGI, et al. <br><br> Defendants | ) <br> ) <br> ) <br> ) <br> ) Civil Action No.: 1:07-cv-00756(RMC)(AK) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## DEFENDANT'S MOTION TO VACATE DEFAULT JUDGMENT

Defendant, by and through undersigned counsel, moves this Honorable Court to vacate the Default entered on June 5, 2007 and the Default Judgment entered on October 1, 2007.[1] In support of this Motion, Defendant states as follows:

1. On October 1, 2007 this Court entered an order for default judgment in favor of Plaintiff and against Defendants.

---

[1] Following entry of default judgment in this matter, a Report and Recommendation on damages was made on December 20, 2007 and was by court Order adopted on January 16, 2008 but that Report and Recommendation was as to Defendant Stella Mzengi and not Mr. Mzengi.

2. Defendant Alan Mzengi retained undersigned counsel as his counsel of choice on December 6, 2007[2] to represent him in connection with this matter.

3. On being retained, undersigned counsel learned that a hearing on damages had been for December 10, 2007 at 10AM, which was in conflict with a prior engagement.

4. Counsel promptly filed a Motion to Continue the hearing on December 7, 2007.

5. The Motion was granted after the parties made good faith but unsuccessful efforts to reach settlement in lieu of going forward with the hearing and the hearing was continued to January 24, 2008.

6. Counsel traveled to Kenya on December 13, 2007 and remained there through January 5, 2008, when he returned to the United States.

7. Upon his return, counsel spent several days on matters related to the political crisis in Kenya.[3]

---

[2] Mr. Mzengi tried to retain counsel for some time but was simply unable to retain one because he simply could not afford one until undersigned counsel agreed to represent him under special consideration.

[3] Counsel is friends with Raila Odinga, a candidate in the presidential elections held in Kenya on December 27, 2007. Although Mr. Odinga handily defeated his opponent, the incumbent president, the latter rigged the elections leading to political turmoil that still engulfs the country. Counsel has spent substantial amounts of time meeting with, and briefing State Department officials and Congressional staff in connection with this crisis, and is very involved in efforts to secure peaceful resolution of the crisis in Kenya purely as a matter of civic duty.

8. The travel overseas after being retained, followed by unanticipated involvement in the Kenyan crisis and unyielding workload has prevented counsel from conducting a complete factual investigation and analysis of all pertinent issues in this case.

9. Based on the review and analysis done thus far, however, Defendant Mzengi believes Federal Rules of Civil Procedure 60(b) provides adequate grounds to vacate the default judgment.

10. Counsel moves the Court to grant this Motion on the pleadings but if a hearing is necessary, counsel requests that the be held after February 25, 2008.[4]

WHEREFORE, for the foregoing reasons, and those stated in the attached Memorandum of Law and Points of Authorities, Defendant moves this Court to grant his Defendant's Motion to Vacate Default Judgment.

Respectfully submitted,

*[signature]*

Samuel N. Omwenga, Esq.
Counsel for Defendant
1020 19th Street, NW
Suite 400
Washington, DC 20036
Tel.: (202) 508-8252
Fax: (202) 330-5247

---

[4] Counsel will be out-of-the country from February 10, 2008 through February 19, 2008. See attached.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing Defendant's Motion to Vacate Default Judgment has been has been served, via email and First Class Mail, upon Plaintiff's Counsel, Martina E Vandenberg, Jenner & Block, 601 13th Street, NW., Suite 1200 South, Washington, DC 20005 this 1st day of February, 2008.

_____
Samuel N. Omwenga, Esq.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
ZIPORA MAZENGO             )
                           )
      Plaintiff,           )
                           )  Civil Action No.: 1:07-cv-00756(RMC)(AK)
   v.                      )
                           )
ALAN MZENGI, et al.        )
                           )
      Defendants           )
_____)

**MEMORANDUM OF LAW AND POINTS OF AUTHORITIES IN SUPPORT OF DEFENDANT MZENGI'S MOTION TO VACATE DEFAULT JUDGMENT**

I. Introduction and Factual Background

This is an action brought by Plaintiff to ostensibly seek back pay and other unspecified damages against Defedant Alan Mzengi and his former wife Stella Mzengi.[1] Mr. Mzengi is a diplomat accredited to the embassy of the Republic of Tanzania.

Mr. Mzengi was served with Plaintiff's Complaint on April 26, 2007. On being served with the Complaint, Defendant sought to retain legal counsel but was unable to due to his meager earnings as a civil servant from a relatively poor country. In the process of seeking legal counsel, Mr. Mzengi was advised by more than one attorney he consulted with that it was not necessary to respond to the suit because he is a diplomat.

---

[1] Undersigned counsel only represents Defendant Mzengi and not his former wife.

1

Mr. Mzengi relied on this advice and did not respond to pleadings and opposing side until December 6, 2007 when he retained undersigned counsel on December 6, 2007.

On being retained, undersigned counsel and Plaintiff's counsel initiated discussions aimed at reaching a settlement in this matter but those discussions have concluded without success. Without conceding jurisdiction, Mr. Mzengi maintains the allegations contained in the Complaint are not true and he believes the filing of the Complaint was precipitated by his former wife in collusion with Plaintiff who independently sought to remain in the United States rather than return to her native country upon termination of employment. Up until termination of Plaintiff's employment, and her moving out of Mr. Mzengi's home, Plaintiff was paid according to her contract therefore Mr. Mzengi does not owe her any of the back wages she now claims[2].

Put another way, Mr. Mzengi believes Plaintiff's true purpose for making the allegations she has made, is so she can remain in the United States rather than being forced to return to her native country where limited or no opportunity for better life awaits her. Were this not the case, she would have departed the United States when her employment was terminated back in 2004.

---

[2] Out of kindness and goodwill for Plaintiff, who is related to him, Mr. Mzengi made a generous offer to settle this matter but Plaintiff rejected the offer.

Mr. Mzengi relied on this advice and did not respond to pleadings and opposing side until December 6, 2007 when he retained undersigned counsel on December 6, 2007.

On being retained, undersigned counsel and Plaintiff's counsel initiated discussions aimed at reaching a settlement in this matter but those discussions have concluded without success. Without conceding jurisdiction, Mr. Mzengi maintains the allegations contained in the Complaint are not true and he believes the filing of the Complaint was precipitated by his former wife in collusion with Plaintiff who independently sought to remain in the United States rather than return to her native country upon termination of employment. Up until termination of Plaintiff's employment, and her moving out of Mr. Mzengi's home, Plaintiff was paid according to her contract therefore Mr. Mzengi does not owe her any of the back wages she now claims[2].

Put another way, Mr. Mzengi believes Plaintiff's true purpose for making the allegations she has made, is so she can remain in the United States rather than being forced to return to her native country where limited or no opportunity for better life awaits her. Were this not the case, she would have departed the United States when her employment was terminated back in 2004.

---

[2] Out of kindness and goodwill for Plaintiff, who is related to him, Mr. Mzengi made a generous offer to settle this matter but Plaintiff rejected the offer.

As contracts between sovereigns, treaties should be construed to give effect to the intent of the signatories. *United States v. Stuart*, 489 U.S. 353, 365-66 (1989); *Nielsen v. Johnson*, 279 U.S. 47, 51 (1929). The court should look at the treaty's language, considering the context in which the words were used. *Eastern Airlines, Inc. v. Floyd*, 499 U.S. 530, 534 (1991). Treaties generally are liberally construed: courts "may look beyond the written words to the history of the treaty, the negotiations, and the practical construction adopted by the parties" to ascertain the meaning of a difficult or unclear passage. *Id.* at 535 (internal quotation omitted); *see also Nielsen*, 279 U.S. at 51-52.

The Vienna Convention provides diplomats with absolute immunity from criminal prosecution and protection from most civil and administrative actions brought in the "receiving State." Article 31 of VCDR provides 3 exceptions to a diplomat's civil immunity and these are: (1) real action relating to private immovable property situated in the territory of the receiving State, unless he holds it on behalf of the sending State for the purposes of the mission (2) an action relating to succession in which the diplomatic agent is involved as executor, administrator, heir or legatee as a private person and not on behalf of the sending State and (3) an action relating to any professional or commercial activity exercised by the diplomatic agent in the receiving State outside his official functions. 23 U.S.T. at 3241.

A diplomatic agent is also not obliged to give evidence as a witness. *Id.*

None of these exceptions apply in this action as to Mr. Mzengi and this is true notwithstanding Plaintiff's assertion in the pleadings that she worked for an "under-the-table African food commercial catering business" run from the Mzengi's home. Plaintiff's Pre-Trial Brief at 2. This assertion by Plaintiff is simply not true; Mr. Mzengi never run *any* business from his home and to suggest he run an "under-the-table" catering business is laughable. Plaintiff has obviously made this assertion in a futile effort to bring this action within exception # 3 above (engaging in commercial activity). No amount of creative imagination can change fact and the fact is, Mr. Mzengi did not conduct any business from his home when Plaintiff worked for him and neither has he since then or before.

2. The Default Judgment Against Mr. Mzengi Must be Vacated Because The Court Was Without Jurisdiction To Entertain This Action.

This Motion is filed pursuant to Rule 60(b) of the Federal Rules of Civil Procedure which provides in part: that "[O]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding" for reasons including "(1) mistake, inadvertence, surprise, or excusable neglect…(4) judgment is void …(6) any . . . reason justifying relief from the operation of the judgment.'" *Murray v. District of Columbia*, 311 U.S. App. D.C. 204, 206, 52 F.3d 353, 355 (1995); Fed.R.Civ.P 60(b).

5

The Court of Appeals has stated that "motions for relief under Rule 60(b) are not to be granted unless the movant can demonstrate a meritorious claim or defense . . . ."*Lepkowski v. United States Department of the Treasury*, 256 U.S. App. D.C. 281, 285, 804 F.2d 1310, 1314 (1986). Demonstration of a meritorious defense is not required, however, if the motion if filed under Rule 60(b)(4).

Whether a party should be granted relief under Rule 60(b) is a matter left to the district court's discretion: "[T]he district judge, who is in the best position to discern and assess all the facts, is vested with a large measure of discretion in deciding whether to grant a Rule 60(b) motion, and the district court's grant or denial of relief under Rule 60(b), unless rooted in an error of law, may be reversed only for abuse of discretion." *Computer Professionals for Soc. Responsibility v. United States Secret Serv.*, 72 F.3d 897, 903 (D.C. Cir. 1996) (quoting *Twelve John Does v. District of Columbia*, 841 F.2d 1133, 1138 (D.C. Cir. 1988)).

Rule 60(b)(1) must be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken."). *See also U.S. ex rel. Cyr v. AWL, Inc.*, 159 F.3d 637 (Table) (D.C. Cir. 1998) ("Rule 60(b)(1) motions are timely if filed within a reasonable time not to exceed one year . . . ."); *Baltia Airlines, Inc. v. Transaction Management, Inc.*, 98 F.3d 640, 642 (D.C. Cir. 1996).

This Motion is under Rule 60(B)(4) because the Court does not have personal jurisdiction over Mr. Mzengi for the reasons stated above. The jurisdictional statements alleged by Plaintiff in the Complaint are insufficient to establish general personal jurisdiction because none overcome the fact that Mr. Mzengi is a diplomat immune from prosecution in this type of action. The Court should therefore grant this Motion on this ground alone as it has been filed within a reasonable time.

The Motion could also be alternatively granted under Rule 60(b)(1) of Fed.R.Civ.P, which provides that a default judgment may be vacated because of excusable neglect, inadvertence, and/or mistake. In making a ruling under Rule 60(b)(1), the D.C. Circuit has determined that a court should take three factors into account: "[W]hether (1) the default was willful; (2) a set-aside would prejudice [the other party], and (3) the alleged [action] is meritorious." *Combs v. Nick Garin Trucking*, 825 F.2d 437, 441 (D.C. Cir. 1987) (citations omitted). Mr. Mzengi's conduct prior to the default judgment was not willful, but rather was based on advice from counsel he sought and confusion regarding United States' court procedures. Setting aside the Default Judgment would not prejudice Plaintiff in any way because she has not been harmed as she claims in the Complaint and this would be conclusively established at a trial were this action not subject to the Vienna Convention on Diplomatic Relations.

## CONCLUSION

For the foregoing reasons, Mr. Mzengi moves this Court to grant his Motion to Vacate Default Judgment.

Respectfully submitted,

_____
Samuel N. Omwenga, Esq.
Counsel for Defendant
1020 19th Street, NW
Suite 400
Washington, DC 20036
Tel.: (202) 508-8252
Fax: (202) 330-5247
E: s.omwenga@omwenga.com

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing Memorandum of Law and Points of Authorities in Support of Defendant Mzengi's Motion to Vacate Default Judgment has been served, via email and First Class Mail, upon Plaintiff's Counsel, Martina E Vandenberg, Jenner & Block, 601 13th Street, NW., Suite 1200 South, Washington, DC 20005 this 1st day of February, 2008.

_____
Samuel N. Omwenga, Esq.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ZIPORA MAZENGO )<br>)<br>Plaintiff, )<br>) Civil Action No.: 07-756(RMC)(AK)<br>v. )<br>)<br>ALAN MZENGI, et al. )<br>)<br>Defendants ) | |

## [PROPOSED] ORDER

Having considered Defendant's Motion to Vacate Judgment filed pursuant to Fed.R.Civ.P (60)(b), along with all the pleadings filed by the parties on this matter, exhibits submitted therewith, and good cause appearing therefor, the Court finds that it had no jurisdiction to enter the default judgment. Therefore,

IT IS HEREBY ORDERED that Defendant's Motion to Vacate Judgment BE AND IS GRANTED.

IT IS SO ORDERED.

DATED:_____                    BY_____
                                       Hon. Rosemary M. Collyer
                                       United States District Judge