IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ZIPORA MAZENGO<br><br>            Plaintiff,<br><br>v.<br><br>ALAN MZENGI, *et al.*<br><br>            Defendants. | Civil Action No. 1:07-cv-00756 (RMC)<br>ORAL ARGUMENT REQUESTED |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S
MOTION TO VACATE DEFAULT JUDGMENT**

# TABLE OF AUTHORITIES[*]

## CASES

Bally Export Corp. v. Balicar, Ltd., 804 F.2d 398 (7th Cir. 1986) ................................................. 7

Bennett v. United States, No. 05-2297, --- F. Supp. 2d ---, 2008 WL 148876 (D.D.C. Jan. 16, 2008) ................................................................................................................................. 6

*Biton v. Palestinian Interim Self Government Authority, 239 F.R.D. 1 (D.D.C. 2006) ......... 9, 10

Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion, 88 F.3d 948 (11th Cir. 1996) ..................................................................................................... 10

Edward H. Bohlen Co. v. Banning Co., 6 F.3d 350 (5th Cir. 1993) .............................................. 10

Flynn v. Pulaski Construction Co., No. Civ. A. 02-2336, 2006 WL 47304 (D.D.C. Jan. 6, 2006) ................................................................................................................................... 11

Good Luck Nursing Home, Inc. v. Harris, 636 F.2d 572 (D.C. Cir. 1980) ................................... 6

*International Painters & Allied Trades Union & Industry Pension Fund v. Ellis Painting Co., 288 F. Supp. 2d 22 (D.D.C. 2003) ............................................................................. 9, 10, 11

Jardine, Gill & Duffus, Inc. v. M/V Cassiopeia, 523 F. Supp. 1076 (D. Md. 1981) ..................... 7

Killingham v. District of Columbia Center for Independent Living, Inc., No. Civ. A. 89-2713 JGP, 1998 WL 1148899 (D.D.C. Sept. 30, 1998), aff'd, 203 F.3d 52 (D.C. Cir. 1999) (unpublished table decision) ........................................................................................... 9

MCI Telecommunications Corp. v. Travel Specialist, No. Civ. A. 91-1017 (CRR), 1991 WL. 197029 (D.D.C. Sept. 17, 1991) ....................................................................................... 8

Mobern Electric Corp. v. Walsh, 197 F.R.D. 196 (D.D.C. 2000) ................................................. 7

Noah v. Bond Cold Storage, 408 F.3d 1043 (8th Cir. 2005) ....................................................... 10

Park v. Shin, 313 F.3d 1138 (9th Cir. 2002) ................................................................................. 8

*Pioneer Investor Services Co. v. Brunswick Associate Ltd. Partnership, 507 U.S. 380 (1993) ................................................................................................................................... 11

Rohm & Haas Co. v. Aries, 103 F.R.D. 541 (S.D.N.Y. 1984) ....................................................... 7

---

[*] Authorities upon we chiefly rely are marked with an asterisk.

i

Savage v. National Medical Ass'n, No. Civ. A. 87-0936, 1987 WL 25458 (D.D.C. Nov 19, 1987) ..........9

United States v. Lumumba, 741 F.2d 12 (2d Cir. 1984)..........8

United States. v. Williams, No. 06-6362, --- F. App'x ---, 2007 WL 3374806 (10th Cir. Nov. 14, 2007) ..........10

Webster v. Pacesetter, Inc., 270 F. Supp. 2d 9 (D.D.C. 2003) ..........9, 11

Whittaker v. District of Columbia, 228 F.R.D. 378 (D.D.C. 2005)..........11

**RULES**

Fed. R. Civ. P. 60(b)(1)..........2, 6, 9

Fed. R. Civ. P. 60(b)(4)..........2, 3, 6, 7

Fed. R. Civ. P. 60(b)(6)..........6

**MISCELLANEOUS**

Vienna Convention on Consular Relations, 21 U.S.T. 77 (Apr. 24, 1963) ..........8

Vienna Convention on Diplomatic Relations, 23 U.S.T. 3227 (Apr. 18, 1961)..........2, 7, 8, 9

Restatement (Third) of Foreign Relations Law of the United States (1987)..........8

Plaintiff Zipora Mazengo (Ms. Mazengo) respectfully submits this Memorandum in Opposition to "Defendant's Motion to Vacate Default Judgment" (filed February 1, 2008) (hereinafter, "Defendant's Motion to Vacate"). Defendant's Motion to Vacate is fatally flawed and should be denied.

## INTRODUCTION

On April 25, 2007, Ms. Mazengo, a citizen of Tanzania, sued her former employers, Defendant Alan S. Mzengi, and his wife, Mrs. Stella Mzengi, alleging that they had trafficked Ms. Mazengo to the United States for the purpose of forced labor in the Mzengis' Maryland home. Alan Mzengi learned of that lawsuit the day after it was filed, when he was personally served by a process server. Despite repeated attempts to contact Mr. Mzengi and his wife, Mr. Mzengi made what appears to be a strategic decision to disregard the suit entirely, refusing to respond to official filings served upon him, and failing to reply to phone calls and letters from Ms. Mazengo's attorneys. On October 1, 2007, this Court entered a default judgment against Mr. Mzengi and his wife.

By the time the Court entered that judgment, Mr. Mzengi had shunned multiple opportunities to challenge the allegations against him. Mr. Mzengi failed to appear at all until late on December 6, 2007, just days before a hearing scheduled to determine the damages to be awarded to Plaintiff. On February 1, 2008, more than nine months after Ms. Mazengo filed her suit, Mr. Mzengi's attorney entered his appearance and filed the instant Motion to Vacate. See Dkt. #s 30-31, 33-34 (notice of appearance refiled on Feb. 10).

## SUMMARY OF ARGUMENT

The gist of Defendant's Motion to Vacate, at least as far as Plaintiff's counsel have been able to discern, appears to be that the Default Judgment should be set aside under Fed. R. Civ. P. 60(b)(4) because this Court lacks jurisdiction pursuant to Article 31 of the Vienna Convention on Diplomatic Relations, 23 U.S.T. 3227 (Apr. 18, 1961), providing immunity to diplomats. See Dkt. # 30 pt. 2 at 4 (Mem. in Support Mot. to Vacate).[1] Alternatively, the Defendant asks that his default be excused pursuant to Fed. R. Civ. P. 60(b)(1) for "mistake, inadvertence, surprise, or excusable neglect." See id. at 5-7. Neither rule provides sufficient grounds to reopen the judgment in this matter. Defendant's Motion to Vacate, whether relying on Fed. R. Civ. P. 60(b)(1) or 60(b)(4), should be denied.

There are at least two independent reasons why this Court should deny Mr. Mzengi's effort to reopen the judgment.

*First*, the motion, devoid of supporting documentation, consists of nothing more than counsel's unsubstantiated assertions that Mr. Mzengi is a diplomat "accredited to the embassy of the Republic of Tanzania." Dkt. # 30 pt. 2 at 1 (Mem. in Support of Mot. to Vacate). While Mr. Mzengi argues that immunity renders the Court's decision void under Fed. R. Civ. P. 60(b)(4), he has provided no evidence whatsoever that he enjoys such immunity under the Vienna Convention. Counsel's assertions alone cannot verify Mr. Mzengi's status in the United States; Mr. Mzengi has had ten months to provide that proof, and has failed to do so. Under the present circumstances, one can only conclude that he has either not obtained such proof or it does not

---

[1] The version of the brief filed with the Court appears to be missing at least one page of text. Ms. Mazengo and her counsel have relied on the version of the brief filed electronically with the Court.

2

exist. Whatever the cause, Mr. Mzengi's failure to provide such evidence eviscerates his argument that the judgment is void under Fed. R. Civ. P. 60(b)(4).

*Second*, Mr. Mzengi fails to meet the minimal requirements for relief under Fed. R. Civ. P. 60(b)(1). He has not provided a credible narrative — or any evidence — of "mistake, inadvertence, surprise, or excusable neglect." Plaintiff's counsel kept Mr. Mzengi well-informed of the progress in the case, sending him letters and serving the Court's orders upon him before his attorney appeared in December 2007. The sole excuses Defendant now proffers for his seven-month failure to take any action in this case are that: a) he could not afford an attorney; and b) despite this dearth of resources, he nevertheless consulted with attorneys who advised him that "it was not necessary to respond to the suit because he is a diplomat." Dkt. #30 pt. at 1. These two contradictory claims point to only one conclusion: Mr. Mzengi followed legal advice and made a strategic decision to thwart this Court, just as he thwarted U.S. law in trafficking Ms. Mazengo.

Mr. Mzengi's pleas of surprise and excusable neglect ring hollow in light of his own admission that he obtained and followed legal advice. Getting the law wrong, or relying on poor legal advice, is not "inadvertence or excusable neglect." Quite the opposite: Mr. Mzengi made a strategic decision to flout this Court. The fact that that decision was ill-advised does not now justify reopening the judgment. While he might have an action for malpractice against his legal advisors, he lacks any basis whatsoever to reopen this judgment. Mr. Mzengi's cries of poverty (which have never been proven) similarly do not rescue his flawed effort to reopen the judgment in this case. Mr. Mzengi could simply have done what thousands of other defendants have done before him. He could have appeared in this matter *pro se* to proffer evidence of diplomatic status. He chose not to do so.

## STATEMENT OF FACTS & PROCEDURAL HISTORY

The judgment in this case establishes that Ms. Mazengo was trafficked to this country in violation of U.S. and international law by the Mzengi Defendants, having been induced to relocate here by the fraudulent promise of a real job, complete with an employment contract. Mr. Mzengi seized Ms. Mazengo's passport and copy of the contract immediately after she arrived in the United States, holding her in almost complete isolation. Both he and Mrs. Mzengi emotionally and physically abused Ms. Mazengo for four years, forcing her to work a minimum of 16.5 hours per day, seven days per week. Dkt. #1 Compl. ¶¶ 16-24. While the majority of Ms. Mazengo's work consisted of caring for Defendants' three children and performing other household tasks, the judgment also establishes that she spent many hours preparing large quantities of food for an African food commercial catering business run out of the Mzengi family home. Id. ¶¶ 34-39. Through their failure to answer the Complaint, the Defendants have conceded these facts.

It nevertheless goes without saying that Ms. Mazengo maintains that all facts pled in the Complaint are true, and denies that she was ever paid any of her wages, to say nothing of the Defendant's far-fetched allegation that she is somehow colluding with his apparently estranged wife and filed this lawsuit in an effort to remain in this country.[2] See Dkt. #30 pt. 2 at 2.

For more than seven months after the Complaint was filed, neither Defendant made the slightest apparent effort to appear in this matter, even to contest jurisdiction. This failure was in

---

[2] It is far too late in these proceedings for Defendant to litigate the factual allegations against him. Ms. Mazengo lost four years of her life to the Mzengis. She has stayed in this country because the U.S. legal system presents her only real hope to obtain fair compensation for the injuries inflicted upon her. Months before she filed this case, the U.S. Government awarded Ms. Mazengo a T-visa, allowing her to remain in the United States as a victim of human trafficking.

4

spite of an August 15, 2007 order to show cause issued by the Court, followed by an October 1 default judgment. Dkt. # 15. After issuing its judgment in Ms. Mazengo's favor, the Court referred her case to Magistrate Judge Alan Kay for a Report and Recommendation on damages. Id. Magistrate Judge Kay held a damages hearing as to Mrs. Mzengi on December 10, 2007, at which Ms. Mazengo testified, along with an expert, Mr. Gary Ray, who was retained by Plaintiff's counsel. Neither Defendant appeared. On December 23, 2007, Magistrate Judge Kay recommended that Ms. Mazengo receive $1,059,348.79 in damages and attorneys' fees. Dkt. # 25. Defendants filed no objection within the allotted time. The Court adopted the Report and Recommendation on January 16, 2008. Dkt. # 27.[3]

Shortly before the December 10 hearing, on the evening of December 6, 2007, counsel for Defendant Alan Mzengi, Mr. Samuel N. Omwenga, Esq., made his existence known to Plaintiff's counsel and Magistrate Judge Kay. Although Mr. Omwenga refused to enter an appearance at that time and refused to attend the December 10 hearing due to a meeting at his office, he did informally request a 45-day continuance of the damages hearing as to his client (but not as to Mrs. Mzengi). The ostensible purpose of this continuance was for Mr. Omwenga to file a 60(b) motion and/or prepare to litigate the issue of damages. Magistrate Judge Kay granted Mr. Omwenga's request, setting a new hearing date of January 24, 2008 for damages as to Mr. Mzengi. See Dkt. # 23. Plaintiff's counsel heard nothing more from him until shortly after 5:00 p.m. on January 23, 2008. At that time, Mr. Omwenga informed Plaintiff's counsel and Magistrate Judge Kay's law clerk that he was not prepared to file a 60(b) motion or participate in the hearing that had been rescheduled to accommodate him. As there was no point to proceeding without Defendant's participation, the January 24 hearing was cancelled. Minute

---

[3] Plaintiff's Motion for judgment holding Defendant Alan Mzengi jointly and severally liable with his wife is currently pending before the Court. Dkt # 29.

5

Order, Jan. 23, 2008. Plaintiff's legal team, which had arranged to re-litigate the entire damages claim with regard to Mr. Mzengi, cancelled the expert's appearance, as well as the reservation on the courtroom in Salt Lake City, Utah, for the expert's remote video testimony. The instant Motion followed seven days later.

## ARGUMENT

The Motion to Vacate this Court's judgment should be denied. Neither Federal Rule of Civil Procedure 60(b)(4) nor 60(b)(1) justify lifting the Court's judgment.[4] Mr. Mzengi has provided this Court with nothing more than Defense counsel's unsupported assertions that Mr. Mzengi 1) enjoys diplomatic immunity; and 2) received and followed bad legal advice. These two assertions fail to clear the high hurdles of Fed. R. Civ. P. 60(b). Indeed, motions brought under 60(b) are disfavored: "Rule 60(b) was intended to preserve 'the delicate balance between the sanctity of final judgments . . . and the incessant command of the court's conscience that justice be done in light of all the facts.' . . . [It] cannot . . . be employed simply to rescue a litigant from strategic choices that later turn out to be improvident." Good Luck Nursing Home, Inc. v. Harris, 636 F.2d 572, 577 (D.C. Cir. 1980) (citation omitted, first two ellipses in original). Mr. Mzengi has requested such a rescue; it should be denied.

---

[4] Defendant's Motion to Vacate makes a passing mention of Fed. R. Civ. P. 60(b)(6), but includes no arguments whatsoever as to why this rule should apply under the circumstances. Because Defendant has not properly pled relief under Fed. R. Civ. P. 60(b)(6), and because 60(b)(6) relief is a truly extraordinary remedy, see Bennett v. United States, No. 05-2297, --- F. Supp. 2d ---, 2008 WL 148876, at *1 (D.D.C. Jan. 16, 2008), Plaintiff will not address the Rule 60(b)(6) issue. Plaintiff reserves the right to brief this issue in full should Defendant's counsel attempt to raise this argument in oral argument.

I.  **DEFENDANT'S MOTION SHOULD BE DENIED BECAUSE MR. MZENGI HAS OFFERED NO EVIDENCE THAT THE JUDGMENT IS VOID UNDER FEDERAL RULE OF CIVIL PROCEDURE 60(b)(4)**

Defendant provides the Court with abundant advice on how treaties are to be interpreted, Dkt. #30 pt. 2 at 4, but fails to make any showing as to why the Vienna Convention on Diplomatic Relations should apply to him. The bare statement that Mr. Mzengi "is a diplomat accredited to the embassy of the Republic of Tanzania," id. at 1, cannot suffice. Mr. Mzengi has not offered an affidavit, a statement by the Embassy of Tanzania, or even a passport photocopy to bolster his claim of immunity. It is his burden to do so. Mobern Electric Corp. v. Walsh, 197 F.R.D. 196, 198 (D.D.C. 2000) (denying defendant's Fed. R. Civ. P. 60(b)(4) motion where defendant "provided no evidence to buttress his allegation that he was never served with process"). If a defendant, after receiving notice, chooses to let the case go to a default judgment, "the defendant must then shoulder the burden of proof when the defendant decides to contest jurisdiction in a postjudgment rule 60(b)(4) motion." Bally Export Corp. v. Balicar, Ltd., 804 F.2d 398, 401 (7th Cir. 1986); see Rohm & Haas Co. v. Aries, 103 F.R.D. 541, 544-45 (S.D.N.Y. 1984) (holding a defendant who has chosen to contest jurisdiction after judgment under Rule 60(b) rather than at the time of trial pursuant to Rule 12 bears the burden of proof to establish the nonexistence of the court's jurisdiction at the time the default judgment was ordered and entered, assuming the defendant was on notice of the original proceedings); Jardine, Gill & Duffus, Inc. v. M/V Cassiopeia, 523 F. Supp. 1076, 1081 (D. Md. 1981) (holding "[a]s the party moving to overturn the judgment, it is incumbent upon the defendant to establish, through competent evidence, its right to relief"). It is not unfair to place the burden on a defendant who has chosen to contest jurisdiction at such a late date in the proceedings, and it avoids undue prejudice to the plaintiff. Rohm & Hass Co., 103 F.R.D. at 545.

7

The burden that now rests on Mr. Mzengi cannot be lifted by mere self-serving statements in a pleading. Such statements are not a legitimate basis for reopening a judgment. Accordingly, this Court should not credit Defendant's unauthenticated allegations. MCI Telecommunications Corp. v. Travel Specialist, No. Civ. A 91-1017 (CRR), 1991 WL 197029, at *1-*2 (D.D.C. Sept. 17, 1991) (refusing to credit party's unauthenticated and unsupported allegation of notice to other side). This rule applies in the context of diplomatic immunity. A foreign official cannot simply unilaterally assert diplomatic immunity in order to evade civil jurisdiction, or even to open a judgment. The "Vienna Convention… premise[s] diplomatic immunity upon recognition by the receiving state." United States v. Lumumba, 741 F.2d 12, 15 (2d Cir. 1984); see Restatement (Third) of Foreign Relations Law of the United States, § 464 Reporters' Note 1 at 462-63 (1987) ("In the United States, a person's diplomatic status is established when it is recognized by the Department of State."). Without proof of such recognition, there is simply no factual basis for this Court's judgment to be set aside.

Plaintiff has never conceded that Mr. Mzengi is a diplomat subject to the protections of the Vienna Convention for Diplomatic Relations. Indeed, given Mr. Mzengi's title, he might enjoy a lesser standard of protection under the Vienna Convention on Consular Relations, 21 U.S.T. 77, 104 (Apr. 24, 1963), or no protection at all. Park v. Shin, 313 F.3d 1138, 1143 (9th Cir. 2002) (holding that a deputy consul general was not entitled to consular immunity for trafficking a domestic servant). Mr. Mzengi's efforts to undermine this Court's authority with little more than Defense counsel's unsubstantiated claims of immunity should not derail this litigation.[5]

---

[5] Even if this Court concluded that there is no jurisdiction over the Defendant in this matter, Plaintiff would still insist upon litigating the commercial activity exception to the Vienna Convention's immunity clauses. Vienna Convention on Diplomatic Relations, Article 31(1)(c).

8

## II. THERE ARE NO OTHER RULE 60(b) GROUNDS FOR SETTING ASIDE THE JUDGMENT

Turning to the Defendant's alternate theory for why his behavior in this case should be excused, it is abundantly clear that he has proffered no other legally cognizable basis for this Court to set aside the Judgment.

Rule 60(b)(1) grants this Court discretion to set aside a default judgment for "mistake, inadvertence, surprise, or excusable neglect." Such relief should only be granted in "extraordinary circumstance," Webster v. Pacesetter, Inc., 270 F. Supp. 2d 9, 11 (D.D.C. 2003); Savage v. National Medical Ass'n., Civ. A. No. 87-936, 1987 WL 25458, at *1 (D.D.C. Nov. 19, 1987), based on the following three-part standard: Courts determining whether 60(b)(1) relief is justified look to whether 1) the defendant's default was willful; 2) the defendant has alleged a meritorious defense; and 3) the plaintiff would or would not be prejudiced as a result of the judgment being set aside. Int'l Painters & Allied Trades Union & Indus. Pension Fund v. H.W. Ellis Painting Co., 288 F. Supp. 2d 22, 26 (D.D.C. 2003) (citing Jackson v. Beech, 636 F.2d 831, 836 (D.C. Cir. 1980)).

A potentially meritorious defense is a prerequisite to 60(b)(1) relief.[6] But such a defense is not alone sufficient if the other equities favor the plaintiff. E.g., Killingham v. District of Columbia Services for Indep. Living, Inc., No. Civ. A. 89-2713 JGP, 1998 WL 1148899, at *8 & n.8 (D.D.C. Sept. 30, 1998), aff'd, 203 F.3d 52 (D.C. Cir. 1999) (unpublished table decision). This rule holds true even if the alleged defense is jurisdictional in nature. In Biton v. Palestinian

---

Since Defendants ran an under-the-table catering business out of their home, additional litigation would be required in the face of a reopened Judgment.
[6]Plaintiff does not concede that Mr. Mzengi's diplomatic immunity defense has merit, as there is no proof that he indeed has such immunity. And, as noted above, even if Mr. Mzengi can prove that he enjoys diplomatic immunity, this Court has jurisdiction under the commercial activity exception of Article 31(1)(c) of the Vienna Convention on Diplomatic Relations.

9

Interim Self Government Authority, 239 F.R.D. 1 (D.D.C. 2006), this court denied a motion to set aside an automatic default pursuant to Fed. R. Civ. P. 55(c) by a foreign entity claiming sovereign immunity, on the grounds that the defendant had essentially made a willful "strategic decision" not to answer the plaintiff's complaint. Id. at 4. This court's holding in Biton was predicated in part on its observation that a grant of immunity simply does not entitle the recipient to intentionally or recklessly disregard the American judicial system. Id. (citing Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion, 88 F.3d 948, 951-52 (11th Cir. 1996)); see also Compania Interamericana, 88 F.3d at 952 ) (litigation need not be "held in abeyance" until potentially immune party chooses to participate). In this circuit, Rule 55(c)'s "good cause" standard is applied using the same criteria as are used under Rule 60(b)(1), except that Rule 55(c) is in theory *more* forgiving. Ellis Painting, 288 F. Supp. 2d at 26. The reasoning in Biton thus applies, if anything, with even greater force in the present case.

      In the Memoradum supporting his motion, Mr. Mzengi explicitly concedes that he made exactly the type of willful choice not to respond to Ms. Mazengo's complaint, even to dispute jurisdiction, that this Court discussed in Biton. See Dkt. #30 pt. 2 at 1-2 (Mem. in Support Mot. to Vacate). He claims that this choice was motivated by his erroneous belief that he had no actual obligation to take any action. Id. It is a well-settled principle of law, however, that ignorance of one's legal obligations does not constitute the type of "mistake" or "neglect" that Rule 60(b)(1) or other similarly-worded provision of the federal rules excuse. E.g., United States v. Williams, No. 06-6362, 2007 WL 3374806, at *2 (10th Cir. Nov. 14, 2007) (no relief under Rule 60(b)(1) for default due to taxpayer's decision to ignore IRS proceeding); Noah v. Bond Cold Storage, 408 F.3d 1043, 1045 (8th Cir. 2005) (no relief after attorney intentionally failed to comply with scheduling order due to other commitments); Edward H. Bohlen Co. v. Banning Co., 6 F.3d 350, 356-57 (5th Cir. 1993) (no relief for intentional failure to respond to motion to

dismiss due to misinterpretation of discovery order); see also Webster, 270 F. Supp. 2d at 11 ("Inadvertence, ignorance of the rules, or mistake construing the rules do not usually constitute 'excusable' neglect.") (quoting Pioneer Investor Servs. Co. v. Brunswick Assoc. Ltd., 507 U.S. 380, 392 (1993)). The only other excuse proffered by Defendant for his willful failure to answer Ms. Mazengo's complaint is his inability, over the course of many months, to locate acceptable counsel. See Dkt. # 30 pt. 1, at 2 n.2 (Mem. in Support Mot. to Vacate). That justification has also been rejected by multiple courts in this district alone. E.g., Flynn v. Pulaski Construction Co., No. Civ. A. 02-2336, 2006 WL 47304, at *8 (D.D.C. Jan. 6, 2006); Whittaker v. District of Columbia, 228 F.R.D. 378, 380 (D.D.C. 2005).

The only other equity at stake is the possibility of undue prejudice to Ms. Mazengo. Ellis Painting, 288 F. Supp. 2d at 26. Although the absence of prejudice does not in and of itself necessitate setting aside a judgment, id. at 31, it is clear that Ms. Mazengo would in fact be substantially prejudiced. Whether or not Defendant is entitled to diplomatic immunity, there is no dispute that he is a foreign national who could at any time return to Tanzania with his remaining assets, thereby rendering himself effectively judgment-proof in this action. In other words, as plaintiffs in Ellis Painting also argued successfully, Ms. Mazengo's "likelihood of success of recovery diminishes rapidly with the passage of time." Id. The fact that time is exceedingly of-the-essence in this case, combined with Defendant's willful and blatant disregard for the American judicial system, should weigh heavily against granting him discretionary relief.

## CONCLUSION

Defendant Alan Mzengi has failed to assert diplomatic immunity appropriately, failed present any evidence that immunity applies in this matter, and failed to prove that he committed an inadvertent mistake in failing to reply to the Court's multiple orders. For all of these reasons,

11

Plaintiff Zipora Mazengo respectfully requests that the Motion to Vacate Default Judgment be denied. Ms. Mazengo also requests oral argument on the motion pursuant to LcvR 7(f).

Respectfully submitted,

Dated: Washington, D.C.
      February 15, 2008

*Admitted Pro Hac Vice

/s/ Lorelie S. Masters (MEV)
Lorelie S. Masters (Bar No. 358686)
Martina E. Vandenberg (Bar No. 476685)
Anjan Choudhury (Bar No. 497271)
Daniel I. Weiner*
JENNER & BLOCK LLP
601 Thirteenth Street, NW
Suite 1200 South
Washington, DC 20005
Tel: (202) 639-6046
Fax: (202) 639-6066
mvandenberg@jenner.com

12

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of February, 2008, a true and correct copy of the foregoing Opposition to Defendant's Motion to Vacate Default Judgment was served electronically through the Court's ECF system and by United States mail, postage prepaid, on Defendant's counsel of record, Mr. Samuel N. Omwenga, Esq., 1020 19th Street, N.W., Suite 400, Washington, DC 20036.

_____
Martina E. Vandenberg