UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ZIPORA MAZENGO, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 07-756 (RMC) |
| ) | |
| ALAN S. MZENGI, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

Before the Court are Plaintiff Zipora Mazengo's Motion to Enter Damages Award Against Defendant Alan Mzengi [Dkt. # 29] and Defendant Alan Mzengi's Motion to Vacate Default Judgment [Dkt. # 30]. For the reasons that follow, Plaintiff's Motion will be granted and Defendant's Motion will be denied.

### I. BACKGROUND

On April 25, 2007, Ms. Mazengo, a citizen of Tanzania, sued her former employers, Defendants Alan S. Mzengi and Stella Mzengi, husband and wife, alleging that they falsely imprisoned her and subjected her to involuntary servitude and forced labor in violation of federal law. Ms. Mazengo filed affidavits of service on May 1, 2007, indicating that Mr. Mzengi had been personally served with the complaint and summons in this case at the Mzengis' place of residence in Silver Spring, Maryland, and that Mr. Mzengi had accepted substitute service on behalf of his wife. When the Mzengis failed to answer the complaint, Ms. Mazengo moved for entry of default, which was entered by the Clerk of Court on June 5, 2007. *See* Dkt. # 11. On June 22, 2007, Ms. Mazengo moved for default judgment, and, on August 15, 2007, the Court issued an order directing the Mzengis to show cause why the motion for default judgment should not be granted. The

Mzengis failed to respond to the order to show cause. On October 1, 2007, the Court entered a Default Judgment against Defendants Alan and Stella Mzengi. *See* Dkt. # 15. The Court referred the case to Magistrate Judge Alan Kay for a Report and Recommendation on damages. Magistrate Judge Kay set a December 10, 2007 hearing on damages.

Mr. Mzengi failed to appear in this case until recently. On December 7, 2007, through counsel, Mr. Mzengi requested a forty-five day continuance of the damages hearing. The motion for a continuance stated that Mr. Mzengi's counsel planned to file a motion to re-open the judgment under Federal Rule of Civil Procedure 60(b)(1) and requested additional time to do so. The Court granted Mr. Mzengi's Motion, setting a new damages hearing on January 24, 2008. *See* Dkt. # 23 ("Although the Court notes that Mr. Omwenga has not entered an appearance in this matter and cannot represent Mr. Mzengi until he does so, the Court will grant Defendant's Motion."). A separate damages hearing proceeded against Ms. Mzengi on December 10, 2007.

On December 20, 2007, Magistrate Judge Kay issued a Report and Recommendation concerning damages owed to Plaintiff Zipora Mazengo by Defendant Stella Mzengi. *See* Dkt. # 25. After consideration of the evidence presented at the December 10, 2007 hearing, Magistrate Judge Kay recommended that this Court award Ms. Mazengo damages and attorneys' fees in the amount of $1,059,348.79. No objections to the Report and Recommendation were received by the Court. The Court adopted the Report and Recommendation on January 16, 2008. *See* Dkt. # 27.

On January 30, 2008, Ms. Mazengo requested that this Court enter the same damages and attorneys' fees award against Mr. Mzengi. *See* Pl.'s Mot. to Enter Damages Award Against Def. Alan Mzengi ("Pl.'s Mem.") at 1 ("Mr. Mzengi . . . should be held jointly and severally liable for the damages award."). On February 1, 2008, more than nine months after Ms. Mazengo filed her

suit, Mr. Mzengi's attorney entered an appearance and filed the instant Motion to Vacate Default Judgment. *See* Dkt. # 30.

## II.  DISCUSSION

### A.  Motion to Vacate Default Judgment

Mr. Mzengi argues that the Court's entry of default should be vacated pursuant to Federal Rule of Civil Procedure 60(b) for lack of jurisdiction because he "is a diplomat accredited to the embassy of the Republic of Tanzania" and he "was advised by more than one attorney he consulted with that it was not necessary to respond to the suit because he is a diplomat." Def.'s Mot. to Vacate Default Judg. ("Def.'s Mem.") at 1.  He further argues that "Plaintiff was paid according to her contract [and] therefore Mr. Mzengi does not owe her any of the back wages she now claims." *Id*. at 2.

Federal Rule of Civil Procedure 60(b) provides for motions for relief from a judgment or order due to: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct; (4) void judgment; (5) satisfied, released, or discharged judgment; or (6) "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b).  Whether a party should be granted relief under Rule 60(b) is a matter left to the district court's discretion: "[T]he district judge, who is in the best position to discern and assess all the facts, is vested with a large measure of discretion in deciding whether to grant a Rule 60(b) motion, and the district court's grant or denial of relief under Rule 60(b), unless rooted in an error of law, may be reversed only for abuse of discretion." *Computer Professionals for Soc. Responsibility v. United States Secret Serv.*, 72 F.3d 897, 903 (D.C. Cir. 1996) (quoting *Twelve John Does v. District of Columbia*, 841 F.2d 1133, 1138 (D.C. Cir. 1988)).

Neither Federal Rule of Civil Procedure 60(b)(1) nor 60(b)(4)[1] justifies vacating the Court's entry of default. Mr. Mzengi has provided this Court with nothing more than unsupported assertions that he (1) enjoys diplomatic immunity; and (2) received and followed bad legal advice. These two assertions fail to clear the high hurdles of Federal Rule of Civil Procedure 60(b).

1.   Rule 60(b)(1)

Mr. Mzengi has not provided any evidence of a "mistake, inadvertence, surprise, or excusable neglect" that would warrant vacating the Court's entry of default under Rule 60(b)(1). Relief pursuant to Rule 60(b)(1) is only granted in "extraordinary circumstances," *Webster v. Pacesetter, Inc.*, 270 F. Supp. 2d 9, 11 (D.D.C. 2003); *Savage v. Nat'l Med. Ass'n*, No. 87-936, 1987 WL 25458, at *1 (D.D.C. Nov. 19, 1987). Courts determining whether 60(b)(1) relief is justified look to whether (1) the defendant's default was willful; (2) the defendant had alleged a meritorious defense; and (3) the plaintiff would or would not be prejudiced as a result of the judgment being set aside. *Int'l Painters & Allied Trades Union & Indus. Pension Fund v. H.W. Ellis Painting Co.*, 288 F. Supp. 2d 22, 26 (D.D.C. 2003) (citing *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980)).

Ignorance of one's legal obligations does not constitute the type of "mistake" or "neglect" that Rule 60(b)(1) excuses. *See, e.g., United States v. Williams*, No. 06-6362, 2007 WL 3374806, at *2 (10th Cir. Nov. 14, 2007) (no relief under Rule 60(b)(1) for default due to taxpayer's decision to ignore IRS proceeding). The only other excuse proffered by Defendant for his willful failure to answer Ms. Mazengo's complaint is his inability, over the course of many months, to locate acceptable counsel. That "excuse" has been rejected by multiple courts in this district alone.

---

[1] Mr. Mzengi makes a passing argument that the default entry should also be vacated pursuant to Rule 60(b)(6). Mr. Mzengi provides no evidence or support for such a request. Accordingly, the Court will not address it.

4

*See, e.g.*, *Flynn v. Pulaski Constr. Co.*, No. 02-2336, 2006 WL 47304, at *8 (D.D.C. Jan. 6, 2006); *Whittaker v. District of Columbia*, 228 F.R.D. 378, 380 (D.D.C. 2005).  Mr. Mzengi's argument under Rule 60(b)(1) fails to persuade.

    2.    Rule 60(b)(4)

Mr. Mzengi also moves to vacate the Court's Order pursuant to Federal Rule of Civil Procedure 60(b)(4), arguing that the Court did not have jurisdiction to issue its order.  Courts have held that a "judgment is void, and therefore subject to relief under Rule 60(b)(4), only if the court lacked jurisdiction or in circumstances in which the court's action amounts to a plain usurpation of power constituting a violation of due process." *Gardner v. United States*, No. 96-253, 1999 U.S. Dist. LEXIS 2192, at *6 (D.D.C. Jan. 29, 1999) (quoting *Hoult v. Hoult*, 57 F.3d 1, 6 (1st Cir. 1995)); *see also Combs v. Nick Garin Trucking*, 825 F.2d 437, 442 (D.C. Cir. 1987) ("Relief under Rule 60(b)(4) is not available merely because a disposition is erroneous.  Rather, before a judgment may be deemed void within the meaning of the rule, it must be determined that the rendering court was powerless to enter it.") (internal citations omitted).

Mr. Mzengi challenges this Court's jurisdiction on the premise that he is immune from judgment under the Vienna Convention.  *See* Def.'s Mem. at 4 ("The Vienna Convention provides diplomats with absolute immunity from criminal prosecution and protection from most civil and administrative actions brought in the 'receiving State.'" (citing Article 31 of the Vienna Convention on Diplomatic Relations)).  However, Mr. Mzengi fails to make any showing as to why the Vienna Convention on Diplomatic Relations should apply to him[2] beyond the bare statement that

---

[2] Not all "diplomats" are entitled to the protection of the Vienna Convention for Diplomatic Relations.  *See, e.g.*, *Park v. Shin*, 313 F.3d 1138, 1143 (9th Cir. 2002) (holding that the deputy consul general was not entitled to immunity for trafficking a domestic servant).

5

he "is a diplomat accredited to the embassy of the Republic of Tanzania." *See* Def.'s Mem. at 1. A foreign official cannot simply assert diplomatic immunity in order to evade civil jurisdiction or to open a judgment. The "Vienna Convention . . . premise[s] diplomatic immunity upon recognition by the receiving state." *United States v. Lumumba*, 741 F.2d 12, 15 (2d Cir. 1984); *see* Restatement (Third) of Foreign Relations Law of the United States § 464 (1987) ("In the United States, a person's diplomatic status is established when it is recognized by the Department of State."); *see also Jungquist v. Nahyan*, 940 F. Supp. 312, 321-22 (D.D.C. 1996) ("[T]he determination of a diplomat's status is made by the State Department, not the Court."), *rev'd in part on other grounds*, 115 F.3d 1020. Without proof of such recognition, there is simply no factual basis for this Court's judgment to be set aside. Mr. Mzengi has not offered any affidavit, statement from the Embassy of Tanzania, or documents with his alleged credentials to bolster his claim of immunity, despite his burden to do so.[3]

Nor may Mr. Mzengi rely on the argument that earlier counsel erroneously advised him to ignore the complaint because he is a diplomat. *See* Def.'s Mem. at 7 ("Mr. Mzengi's conduct prior to the default judgment . . . was based on advice from counsel he sought and confusion regarding United States' court procedures."). Rule 60(b) does not reward such failed strategies. Instead, the Rule is "intended to preserve 'the delicate balance between the sanctity of final judgments . . . and the incessant command of the court's conscience that justice be done in light of

---

[3] A defendant, facing default judgment, "must . . . shoulder the burden of proof when the defendant decides to contest jurisdiction in a postjudgment rule 60(b)(4) motion." *Bally Export Corp. v. Balicar, Ltd.*, 804 F.2d 398, 401 (7th Cir. 1986); *Rohm & Haas Co. v. Aries*, 103 F.R.D. 541, 544-45 (S.D.N.Y. 1984); *Jardine, Gill & Duffus, Inc. v. M/V Cassiopeia*, 523 F. Supp. 1076, 1081 (D. Md. 1981) (holding "[a]s the party moving to overturn the judgment, it is incumbent upon the defendant to establish, through competent evidence, its right to relief").

all the facts.' . . . [It] cannot . . . be employed simply to rescue a litigant from strategic choices that later turn out to be improvident." *Good Luck Nursing Home, Inc. v. Harris*, 636 F.2d 572, 577 (D.C. Cir. 1980) (internal citations omitted).

Mr. Mzengi's actions were willful, this Court has jurisdiction, and Ms. Mazengo would be prejudiced[4] by any further delay in this proceeding. *See Ellis Painting*, 288 F. Supp. 2d at 26. The Court will deny the Motion to Vacate Default Judgment.

### B. Motion to Enter Damages Award

Defendants Alan and Stella Mzengi are jointly and severally liable for the injuries they caused to Ms. Mazengo. No claim for damages in Ms. Mazengo's complaint is unique to either Alan or Stella Mzengi. *See Consumer Prot. Div. v. Morgan*, 874 A.2d 919, 949-50 (Md. 2005) (tortfeasors who "act in concert" are jointly and severally liable). Mr. Mzengi did not contest the merits of Plaintiff's motion and argued instead that this Court is without jurisdiction. The Motion to Enter Damages Award Against Defendant Alan Mzengi will be granted.

### III. CONCLUSION

Because this Court concludes that Mr. Mzengi and Ms. Mzengi are jointly and severally liable for the award granted to Ms. Mazengo, the Court will grant Plaintiff's Motion to Enter Damages Award Against Defendant Alan Mzengi [Dkt. # 29]. The Court will deny Defendant Alan Mzengi's Motion to Vacate Default Judgment [Dkt. # 30]. A memorializing order will be

---

[4] Mr. Mzengi asserts that Plaintiff would not be prejudiced by relief under Rule 60(b). "Setting aside the Default Judgment would not prejudice Plaintiff in any way because she has not been harmed as she claims in the Complaint and this would be conclusively established at trial were this action not subject to the Vienna Convention on Diplomatic Relations." *See* Def.'s Mem. at 7. The Court disagrees. Given the difficulty in enforcing judgments against foreign nationals, Ms. Mazengo's "likelihood of success of recovery diminishes rapidly with the passage of time." *See Ellis Painting*, 288 F. Supp. 2d at 26.

issued with this Memorandum Opinion.

                                                              /s/
                                          ROSEMARY M. COLLYER
                                          United States District Judge

Date: April 10, 2008